IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JULIAN M. TURNER,              § | |
|      PLAINTIFF,                § | |
|                                § | |
| V.                             § | CASE NO. 3:19-cv-1392-S-BK |
|                                § | |
| DALLAS VETERANS ADMINISTRATION § | |
| HDOM PROGRAM, ET AL.,          § | |
|      DEFENDANTS.               § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to *Special Order 3*, this case has been referred to the undersigned United States magistrate judge for pretrial management. Doc. 1. Before the Court is Plaintiff's *Motion for Injunctive Relief and Emergency Restraining Order*, Doc.3. For the reasons that follow, Plaintiff's motion should be **DENIED**.

Plaintiff, who is proceeding *pro se*, filed this civil action on June 11, 2019. Doc. 3. Liberally construed, Plaintiff raises claims under the Whistleblower Act, Section 1983, and concerning his departure from "the HDOM Program." *See* Doc. 3 at 3, 4; *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (providing that courts should liberally construe *pro se* pleadings). As best the Court can glean, Plaintiff seeks relief in the form of a "Subpoena Duces Tecum for all the HDOM Records relating to Plaintiff from The Dallas Veterans Administration Hospital Medical Records Department" and to "be provided a copy of all [such records]." Doc. 3 at 5-6. Indeed, despite the title of his pleading, Plaintiff seeks no emergency injunctive relief whatsoever.

The four elements a plaintiff must establish to secure emergency injunctive relief are: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the Court does not grant the requested relief; (3) that the threatened injury outweighs any harm that will result if the injunction is granted; and (4) the grant of injunctive relief will not disserve the public interest. *Canal Auth. of the State of Fl. v. Callaway*, 489 F.2d 567, 572-73 (5th Cir. 1974). Injunctive relief "is an extraordinary remedy and should be granted only if the movant has clearly carried the burden of persuasion with respect to all four factors." *Allied Marketing Grp. v. CDL Marketing, Inc.*, 878 F.2d 806, 809 (5th Cir. 1989). Because Plaintiff has not attempted to establish any of these elements, his *Motion for Injunctive Relief and Emergency Restraining Order*, Doc. 3, should be summarily **DENIED**.

**SO RECOMMENDED,** June 12, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).